COOK *v.* WEINBERGER BUILDERS, INC.

1. APPEAL AND ERROR—FINDINGS OF FACT.
  Affirmance of part of a judgment defining and locating an easement is required, where the trial court's findings of fact and its use of those findings in defining and locating that easement are not clearly erroneous and are supported by the record (GCR 1963, 517.1).

2. DISMISSAL AND NONSUIT—FINDINGS OF FACT—COURT RULES.
  Dismissal of a complaint is improper where the trial court fails to make any findings of fact and to state its conclusions of law thereon, as required by court rule (GCR 1963, 517.1).

3. DISMISSAL AND NONSUIT—FINDINGS OF FACT—COURT RULES.
  Dismissal of a complaint questioning the right of defendant lot owners to use a 20-foot private easement on plaintiffs' land to reach a private lake dedicated to certain lot owners was error where the trial court failed to make any findings of fact and to state its conclusions of law thereon as required by court rule to support the dismissal (GCR 1963, 517.1).

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 June 5, 1969, at Lansing. (Docket No. 6,276.) Decided October 2, 1969.

Complaint by Arthur E. Cook and Mary M. Cook against Weinberger Builders, Inc., a Michigan corporation, Starlite Lake Property Owners Association, a Michigan nonprofit corporation, Richard D.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 493.
[2, 3] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 34, 39.

Jarvis and Nancy A. Jarvis, George F. Webster and Helen M. Webster, Mathew Vivona and Joann M. Vivona, and John D. Wierzbicki and Joan T. Wierzbicki for an injunction, reformation of a deed, and definition and location of an easement over property of one defendant. Complaint dismissed as to all defendants except Weinberger Builders, Inc. Plaintiffs appeal. Affirmed in part, reversed in part and remanded for further proceedings.

*Dee Edwards,* for plaintiffs.

*Rogensues & Richard,* for Starlite Lake Property Owners Association.

*Harty, Austin & Jones,* for defendants Jarvis and Vivona.

*Nunneley, Nunneley & Hirt (Thomas D. Rinehart,* of counsel), for defendants Wierzbicki.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

QUINN, J. This appeal is from a final judgment dismissing plaintiffs' complaint as to defendants Starlite Lake Property Owners Association, a Michigan nonprofit corporation, Richard D. Jarvis and Nancy A. Jarvis, his wife, George F. Webster and Helen M. Webster, his wife, Mathew Vivona and Joann M. Vivona, his wife, and John D. Wierzbicki and Joan T. Wierzbicki, his wife. The judgment also defined and located a ten foot easement over lot 81 that was in dispute.

The findings of fact by the trial court used by it in defining and locating the easement in question are not clearly erroneous, GCR 1963, 517.1, and, in

fact, are supported by the record. This requires affirmance of that part of the judgment defining and locating the easement.

Plaintiffs and the individual defendants are lot owners in Starlite Meadows Subdivision and Starlite Meadows Subdivision No. 2. Plaintiffs own lot 20, defendants Webster own lot 21 and defendants Vivona own lot 22 in the first-named subdivision. Defendants Jarvis own lot 80 and defendants Wierzbicki own lot 81 in subdivision No. 2. (See figure, p 479.) Subdivision No. 2 contains a private lake dedicated to the owners of lots 80 through 105 in that subdivision and the owners of lots 17 through 21 of Starlite Meadows Subdivision. The proprietor in the plat reserved a 20-foot private easement around the lake and abutting it by the following language in the dedication:

"[T]he private easements shown on said plat are hereby reserved for the use of the public utilities, or for the specific utilities as thereon noted, subject to the regulation and control of the use thereof by the local governmental authorities, and that no permanent structures are to be erected within the lines of said easements."

The interest of the proprietor in Starlite Subdivision No. 2 has been conveyed to Starlite Lake Property Owners Association.

One point of dispute involves access to the lake by owners of lots 21, 80 and 81, all of which are lots included in the dedication of the lake. The easement heretofore affirmed gives these lot owners access as far as the 20-foot private easement, but they must cross this 20 feet to reach the lake. They cross this 20 feet over the land of plaintiffs. The trial court failed to make any findings of fact and to state its conclusions of law thereon as required by GCR 1963, 517.1 to support a judgment that these

lot owners have access to the water over the 20-foot private easement on plaintiffs' land. Without such findings and conclusions, judgment of dismissal was improper. On remand, the trial court shall make findings of fact and state conclusions of law thereon which support a judgment granting defendants Webster, Jarvis and Wierzbicki access to the lake over the 20-foot private easement on lot 20, or it shall vacate the judgment of dismissal as to these defendants and proceed to trial on this issue.

Defendants Vivona own lot 22 which is not included in the lots to which the lake is dedicated. By virtue of a deed from the owners of lot 80, Vivonas obtained title to the rear 3 feet of lot 80. Over this 3-foot strip they reach the 10-foot easement over lot 81 and hence to the lake over the 20-foot easement on plaintiffs' land. By this action, plaintiffs questioned Vivonas' right to lake privileges. Neither the opinion nor judgment of the trial court makes any finding of fact and statement of conclusions of law thereon which support resolution of this issue in favor of the Vivonas. The judgment of dismissal as to them was improper and it is reversed. This issue is also remanded to the trial court for determination.

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion. Plaintiffs may recover costs.

All concurred.